IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW JERSEY.

NOVEMBER TERM, 1882.

----

OGBORN v. FRANCIS.

1. In an action by a father for the seduction of his daughter, the gist of the action is the loss of the service of the child, and in the absence of proof of such loss, there can be no recovery.
2. The facts of the parental relation, that the child was a minor, and the seduction, will not alone justify an action.

----

Suit for seduction.

This was an action brought by Archibald R. Ogborn against Isaac P. Francis, for the seduction of his daughter, Elizabeth Ogborn, a minor. The case was tried before Justice Scudder and a jury at the October Term, 1881, of the Monmouth Circuit, and a verdict of guilty rendered, and the damages assessed at $3000.

On rule to show cause why the verdict should not be set aside.

Argued at June Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *Chilion Robbins.*

For the defendant, *Jos. D. Bedle.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The legal question to be solved in this case is, whether, given the minority of the daughter, the father can sue, under all possible circumstances, for her seduction, he not having connived at her offence.  The case incontestably shows that this plaintiff had lost his wife two or three years before the alleged incontinence of his child, and at that time, she being about sixteen years of age, he had gone to the State of Iowa, leaving the child to shift for herself.  From then to the alleged seduction, which occurred, if at all, nearly three years after this abandonment, the daughter was compelled to provide for herself, without paternal guidance or control, for the father took no heed of the whereabouts of his child or of her doings.  During this period she put herself to service in various households, changing her place of residence frequently, and living in this state or out of it at will.  At the time of her alleged betrayal she was the hired servant, by the month, of the father of the defendant.  It is plain, therefore, that if this suit will lie, its legal constituents are the relationship of parent and child, the minority of the child, and the fact of her seduction.

By the established rules of the common law, an action of this class did not rest at all on the parental relationship.  If such had been the foundation of the remedy it would, upon principle, have extended to cases arising after the majority and emancipation of the child, for the injury to parental affection does not take its measure from the age or dependence of the child.  If the feelings of nature be alone regarded, the blow to the father is quite as great if a child, after emancipation, be seduced as it is if the same child lapses from virtue during

Ogborn v. Francis.

her minority.  It is therefore the recognized doctrine that the parental relationship is no part of the basis of suits of this character; such suits, as their legal ground, rest exclusively on the relationship of master and servant.  I shall not pause to inquire, as is done in some of the decisions in this country, whether this doctrine originated in a barbarous age, and is incompatible with the educated intelligence of our own times, for I cannot forget that the body of the common law had the same origin and much of it has been subject to the same criticisms, and that a court seeks to know what the law is and not what it should be.  Consequently, the only question to be now considered is, whether the circumstance existing in the present case, that the plaintiff's daughter was a minor, constitutes her, *de jure*, his servant.  This is the only possible contention in favor of this action, and I think it is opposed by the entire series of English decisions, as well as by the tendency of judgments, judicial *dicta* and practice in this state.

That the loss of service forms the *gravamen* of an action by a parent for an injury to his child, is fully and variously illustrated in the English decisions.  The principle was exhibited in a striking form in the case of *Hall* v. *Hollander*, reported in 4 *B. & C.* 660.  The action was in trespass for driving carelessly a carriage against the plaintiff's son and servant, as the declaration alleged, whereby the father was deprived of the services of his child and put to expense in the care of his hurts, but it being shown on the trial that the child was only two years old, and therefore incapable of occupying the *status* of a servant, the plaintiff took nothing by his action.  Of course, the decision would have been the opposite if, as is claimed in the present case, the elements of a legal claim were to be constituted out of the relation of parent and child, the minority of the child and an injury to the latter.

In *Grinnell* v. *Wells*, 7 *Man. & G.* 1033, with respect to the facts involved is to be found a counterpart of those now before the court.  The plaintiff in that case was a poor person, whose daughter, being a minor and unmarried, lived at service and supported herself, and was debauched by her

employer, and, on the proof of these facts, Chief Justice Tindall, at the trial, non-suited the plaintiff, and on a motion at bar for a new trial, said he remained of the same mind, for it had always been held that the loss of service must be alleged in the declaration, and that the loss of service must be proved at the trial, or the plaintiff must fail.

To the same effect are the declarations of all the judges, upon a substantially similar state of facts, in the case of *Davies* v. *Williams*, 10 *Ad. & E.* (*N. S.*) 725. But as in the decisions of the courts at Westminster, there is a complete concurrence on this topic, I shall content myself with a reference to the following cases, without a statement of the circumstances giving rise to the respective judgments: *Bennett* v. *Allcott*, 2 *T. R.* 166; *Harper* v. *Lufflin*, 7 *B. & C.* 387; *Dean* v. *Peel*, 5 *East* 45; *Terry* v. *Hutchinson*, *L. R.*, 3 *Q. B.* 598; *Hedges* v. *Tagg*, *L. R.*, 7 *Exch.* 283; *Harris* v. *Butler*, 2 *M. & W.* 539; *Blaymire* v. *Haley*, 6 *M. & W.* 55.

In the decisions on this subject in this state, a similar doctrine has been uniformly propounded and enforced. Thus, as early as the year 1796, in the case of *Van Horn* v. *Freeman*, 1 *Halst.* 322, Chief Justice Kinsey thus marks out the only foundation which will support a suit of this nature. His language is: "In actions of this kind it must also be proved that the daughter stands, in some degree, in the relation of servant to her father. This is, technically speaking, the gist of the action; but the slighest evidence has been held sufficient to support this part of the case." And, in conclusion, he says: "For my own part, I think that whilst the daughter is under age, and is *maintained by the parent*, he always has sufficient interest in her labor and services to afford a foundation for this action." And this is the doctrine, so far as my knowledge extends, which has been uniformly enforced at trials by the courts in this state from that time to the present. There is no case, so far as is known, which has gone, in the least degree, further than the one just cited in upholding any one of these suits. The general rule is also

recognized in *Coon* v. *Moffitt*, 2 *Penn.* 583; *Sutton* v. *Huffman*, 3 *Vroom* 58.

In the case before the court there is no reasonable ground from which either an actual or constructive service of this child to her parent is to be predicated. At the time of her incontinence she, with the implied assent of the plaintiff, was in the service of another person by force of a contract for a definite period, and her father neither maintained nor controlled her; and consequently, as she was in no sense his servant, it is out of the question to permit a jury to say that he was deprived of her services by the act of the defendant. The plaintiff should have been non-suited on the admitted facts of the case.

Let the rule be made absolute.